# EXHIBIT B

# MELONI & MCCAFFREY
A Professional Corporation
ATTORNEYS AT LAW
3 Columbus Circle | 15th Floor
New York, New York 10019
Telephone: (212) 520-6089
Facsimile: (917) 210-3758
www.m2lawgroup.com

Robert S. Meloni
Thomas P. McCaffrey

Writer's Direct Telephone: (212) 520-6090
Writer's Email: rmeloni@m2lawgroup.com

November 3, 2021

**By ECF & Email**

Honorable Kevin N. Fox
Magistrate Judge
Federal District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: <u>Wonzer et al. v. Hernandez (Case No. 1:20-cv-10836-JPC-KNF)</u>

Dear Magistrate Fox:

    We are counsel for the Defendant, Daniel Hernandez a/k/a Takashi 6ix x 9ine ("Defendant"). We make this joint application on behalf of both Defendant and Plaintiff pursuant to the Court's Individual Rule 2A and Fed. R. Civ. P. 16(b)(4) requesting a modification of the present discovery and briefing schedule so that the parties can be fully prepared on the date of the inquest. The parties have satisfied the "good cause" standard of Rule 16(b), as set forth below.

    My firm was retained at the eleventh hour to represent Defendant in a civil case where the Court Clerk had already entered a default against him, who had been collaterally estopped by an earlier criminal conviction from proffering a meritorious defense to challenge the Plaintiffs' then pending motion for a default judgment. After this Court granted the parties until November 22, 2021 to complete damage related discovery [Dkt. No. 33], we have been working with Defendant and his new set of advisors in an attempt to prepare for the inquest.[1]

    Since that time, Defendant has been attempting to marshal his resources in order to retain an expert for the inquest. We have interviewed and selected Mr. Hernandez's damages expert and are in the process of arranging for his retention.

---

    1. Defendant has been diligently working to get his post-incarceration life back in order. We have been gathering the financial information requested by Plaintiff and can advise the court that Defendant's business manager is compiling responsive documents this week.

Case 1:20-cv-10836-JPC-JW Document 63 Filed 11/03/22 Page 2 of 4

Hon. Kevin N. Fox
November 3, 2021
Page 2

      I was unaware that Plaintiffs' counsel had served any discovery requests by physical mail to my office address until last week. Due to my rational fear of contracting COVID, as a result of my core-morbidity issues, I have not gone into my professional office during the pandemic, and still work from my home office since mid-2020. I have been dealing with all my case work online from home. I have agreements with opposing counsel in all of my cases that any documents (such as discovery demands and correspondence) be served via email. However, since I am new to this case, I had no such agreement with counsel for Plaintiffs.

      I first learned of that Plaintiff had served a set of document demands on October 26, 2021, when I received Counsel's motion to compel by electronic filing. That day, I asked someone at my office to check if any package from plaintiff's counsel had arrived and, if it was delivered, to forward it to me. A search was conducted but no mail deliveries from plaintiff's counsel were located. On that same date, I wrote to Matthew DeOreo, counsel for Plaintiff, and asked that he send me the document demands by email, and he agreed to do so. I then contacted him again that day since I did not receive any emails from him, even though he sent the same email multiple times. I checked with my partner, Thomas McCaffrey, who confirmed he did not receive any emails from Mr. DeOreo either. I checked my junk and spam folders as well, as well as my phone email application. There were no emails.

      I suggested that Mr. DeOreo send the document demands to my personal email account (Gmail) instead, which he did. I received them that day via Gmail. It turned out that Plaintiff's counsel's emails were blocked by a program called GoDaddy Proofpoint Essentials and that Mr. DeOreo was placed on its Quarantine List. That program is meant to screen out junk mail or spam, but also any email from any source or person that is not in my Outlook contacts. That was the first time I realized emails from Mr. DeOreo were being quarantined.

      Discovery is now proceeding. On November 2, 2021, Defendant served his written responses to Plaintiff's document requests. We will provide the requested documentation in an expedited manner. On that same date, we served Plaintiff with Defendant's first set of document demands and first set of interrogatories.

      Given that this request for a brief extension to complete discovery is jointly made by parties, due to their corresponding desire to have full and fair disclosure before the actual inquest, there is no prejudice to either party in granting this one-time extension. While the parties understand that this request may inconvenience the Court, and respectfully apologize for any inconvenience, we ask the Court's indulgence at this tail end of this litigation, so that justice can truly be served.

      Accordingly, the parties request that the Court reconsider its November 1, 2021, denial of the parties' joint letter request and extend the Plaintiffs' inquest submission date until February 11, 2022, and the Defendant's date for opposing the submissions until March 11, 2022.

Hon. Kevin N. Fox
November 3, 2021
Page 3

 

Sincerely,

MELONI & McCAFFREY

By: _____
         Robert S. Meloni

cc: Matthew G. DeOreo, Esq. (by email)