# EXHIBIT D

# MELONI & McCAFFREY
A Professional Corporation
ATTORNEYS AT LAW
3 Columbus Circle | 15th Floor
New York, New York 10019
Telephone: (212) 520-6089
Facsimile: (917) 210-3758
www.m2lawgroup.com

Robert S. Meloni  
Thomas P. McCaffrey

Writer's Direct Telephone: (212) 520-6090  
Writer's Email: rmeloni@m2lawgroup.com

February 10, 2022

**By Email:  mdeoreo@tacopinalaw.com**

Matthew DeOreo, Esq.
Tacopina Seigal Trial Lawyers
275 Madison Avenue, 35th Floor
New York, NY 10016

Re:  <u>Wonzer v. Hernandez, 1:20-cv-10836-JPC-KNF</u>

Dear Matthew:

Thank you for sending us the draft of the book that plaintiffs were working on.

This letter is sent pursuant to FRCP 37. I have now had the opportunity to review all of the documentation produced by Plaintiffs and I have a few questions.

With respect to Plaintiffs' response to the Request for Documents in Defendant's Combined Discovery Requests dated December 2, 2021:

1. Plaintiffs have not produced any documents with respect to reimbursement for their medical bills (No. 2). Can you clarify what documents PLAINTIFFS 1510-1737 are and if that constitutes your production to that Request?

2. Plaintiffs have not produced any documents with respect to Plaintiffs' work history (No. 4), and their tax returns (No. 5). These documents are essential to determining any lost earnings claimed by Plaintiffs.

3. Plaintiffs have not produced any documents with respect to writings that relate to the incident (No. 6), which would include correspondence, emails and texts, as well as postings on social media.

4. Your productions did not include anything with respect to establishing their respective damages (Nos. 7 & 9).

Matthew DeOreo, Esq.
February 10, 2022
Page 2

---

     5.    Plaintiffs have not produced any videos they may have that captured of the incident, or that they recorded afterwards wherein they discussed the incident. (No. 12).

     If you have withheld any of these documents, after agreeing to produce them, we will object to any attempts to proffer or admit them into evidence during the inquest.

     To discuss this further, we would like to meet and confer with you about these responses pursuant to Rule 37. So please advise us of a day and time next week where we can do so.

     In addition, enclosed are supplemental discovery requests, seeking the Plaintiffs' personal and business bank statements and tax returns from 2013 to the present, and Ms. Wonzer's clients list for that same period, and the contents of the hard drives that were returned to Plaintiffs by the FBI.

     Finally, I intend to file a motion pursuant to Fed. R. Civ. P. 35 Motion for a physical examination of both Plaintiffs by Defendant's forensic psychiatrist, Dr. Roy Lubit. It may not be necessary to do so if you consent to the examinations of both plaintiffs by my expert. Please let me know as soon as possible if you agree to that. I have just reta8ined D. Lubit and do not know his availability yet but expect that he will make himself available for the examination at some point over the next 30-45 days.

     This letter is not intended to be a complete statement of the facts or the law relevant to this matter and is written without prejudice to the legal and/or equitable rights and remedies of my client. Any and all such rights and/or remedies, whether or not referred to in this letter, are hereby expressly reserved.

     Sincerely,

     MELONI & McCAFFREY APC

     By: _____
           Robert S. Meloni