UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEKETHA WONZER and KEVIN DOZIER,

               Plaintiffs,

    vs.

DANIEL HERNANDEZ a/k/a Tekashi 6ix 9ine,

             Defendant.

---

Case No. 1:20-cv-10836-JPC

Judge John P. Cronan

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S FED. R. CIV. P. 35 MOTION FOR PSYCHIATRIC EXAMINATIONS OF PLAINTIFFS**

---

TACOPINA, SEIGEL & DeOREO
275 Madison Ave., Fl. 35
New York, New York 10016
Tel: (212) 227-8877

Attorneys for Plaintiffs

Plaintiffs respectfully submit this Memorandum of Law in opposition to Defendant's Motion for an Independent Psychiatric Examination of Plaintiffs under Fed. R. Civ. P. 35.

As demonstrated below, the Court should deny this motion as untimely and procedurally defective.

## ARGUMENT

### THE COURT SHOULD DENY THE MOTION AS UNTIMELY AND PROCEDURALLY DEFECTIVE

The Court granted an inquest and allowed discovery to proceed as to damages by way of its June 22, 2021 Order (Docket No. 29 [DeOreo Decl.[1] Ex. A]). The Court subsequently extended the deadline to complete discovery to February 11, 2022 (Docket Nos. 39 & 40 [DeOreo Decl. Exs. B & C]). Therefore, Defendant had approximately **eight months** to request a psychiatric examination of Plaintiffs, but failed to do so until after the discovery cut-off date passed.

Furthermore, Plaintiffs' Complaint alleges that Defendants tortious conduct caused them to suffer severe emotion distress. *See* Complaint at ¶¶ 2, 3, 70, 80, 90, 95, 96 (Meloni Decl.[2] Ex. A). Consequently, Defendant was on actual notice of Plaintiffs' alleged emotional distress damages. Indeed, when Defendant requested an extension of the discovery deadline on November 3, 2021 (Docket No. 39 [DeOreo Decl. Ex. B], p. 1), his counsel stated that "Defendant has been attempting to marshal his resources in order to retain an expert for the inquest. We have interviewed and selected Mr. Hernandez's damages expert and are in the process of arranging for his retention." Accordingly, Defendant merely sat on his hands with regard to expert discovery.

---

[1] "DeOreo Decl." refers to the accompanying declaration of Matthew G. DeOreo.

[2] "Meloni Decl." refers to the March 1, 2022 Declaration of Robert S. Meloni (Docket No. 59).

Now that the February 11, 2022 discovery cut-off date has passed, Defendant's subsequent motion for such exams should be denied as untimely. *See Stanbro v. Palou*, No. 20CV1591KMKJCM, 2021 WL 4176255, at *1–2 (S.D.N.Y. Sept. 14, 2021)("While there is no bright-line rule requiring that requests for Rule 35 examinations must always be brought before the close of fact discovery, courts that have allowed post-fact discovery IMEs to go forward typically base their rulings in large part on findings that the need for an IME was unforeseeable prior to the fact discovery deadline or that the movant's delay in seeking an IME was otherwise reasonable under the circumstances.  Here, OAG Defendants have not put forth an adequate explanation justifying their delay in requesting an IME of Plaintiff. Plaintiff correctly notes that OAG Defendants have known since at least April 2, 2020—when Plaintiff filed his Amended Complaint, that Plaintiff was alleging severe and lasting injuries as a result of alleged conduct by a group of individuals including OAG Defendants, and thus, the need for an IME was foreseeable.")(citations and quotations omitted); *Emamian v. Rockefeller Univ.*, No. 07 CIV. 3919 (DAB), 2017 WL 6804074, at *2 (S.D.N.Y. Dec. 20, 2017)("On October 11, 2012, Plaintiff's prior counsel, Michael Dowd, sought to reopen discovery and introduce new witnesses, including an expert witness who would testify on damages. All expert discovery was completed as of August 17, 2010. Mr. Dowd's request was denied by this Court by Order on October 12, 2012. That decision still stands."), aff'd, 823 F. App'x 40 (2d Cir. 2020); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012)("A party seeking to reopen expert discovery must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence."); *Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2009 WL 2843380, at *7 (E.D.N.Y. Sept. 1, 2009)("[A]n application to reopen discovery should be denied where the moving party has

not persuaded the Court that it was impossible to complete the discovery by the established deadline. Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery. Judged by these standards, Behrins' belated request to reopen expert disclosure must fail. To begin, the untimeliness of Behrins' application weighs heavily against its being granted.")(citations, quotations and brackets omitted); *Walter v. Hamburg Cent. Sch. Dist.*, No. 04-CV-996S(F), 2007 WL 9777686, at *2 (W.D.N.Y. July 3, 2007)("Whether the choice not to retain an expert earlier in this case was Walter's or her attorney's, the decision to be in for a penny, rather than a pound, until after discovery closed and Walter had the certainty of this Court's decision on Defendants' dispositive motion was a strategic gamble. It is one Walter must now live with."); *King v. Friend of Farmer, Inc.*, No. 97CIV.9264 BSJ RLE, 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000)("Although defendants have shown that the testimony of another psychological expert is relevant to the issues to be decided at trial, defendants offer no explanation as to why prior counsel did not retain that expert prior to the completion of discovery.").

Furthermore, pursuant to the Court's Individual Rules and Practices, any application to extend discovery should have been made prior to the discovery cut-off date (here, February 11, 2022). *See* NY R USDCTSD Cronan-Civ Prac. 5(c)("If a party waits until near the close of discovery to raise an issue that could have been raised earlier, the Court is unlikely to grant additional time for discovery.").[3]

Moreover, Defendant's discovery motion is procedurally defective because it failed to

---

[3]  It should also be noted that Plaintiff did not fail to promptly respond to the alleged discovery deficiencies raised in Defendant's February 10, 2022 letter (DeOreo Decl. Ex. D), as Defendant falsely claims in his Memorandum of Law (p.4).  In response to this letter, Plaintiff's counsel emailed Defendant's counsel that he (Plaintiff's counsel) was available for a meet and confer call the following Tuesday, February 15, 2022 (*id.* at Ex. E). Defendant's counsel never responded to that email concerning the meet and confer call. (*Id.* at ¶ 3).

comply with Local Rule 37.2. NY R USDCTS&ED Civ Rule 37.2 ("No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.").

Lastly, Plaintiffs would be prejudiced by the reopening of discovery for psychiatric exams because Plaintiffs have already complied with the discovery deadlines and filed their inquest submissions. Therefore, Plaintiffs have essentially rested their case, and now Defendant seeks to have a discover do-over to oppose such submissions. Granting discovery after inquest submissions plainly would be prejudicial.

Accordingly, Plaintiffs respectfully request that the Court deny Defendant's instant discovery motion with prejudice.

## **CONCLUSION**

Based upon the foregoing reasons, Plaintiffs respectfully request that the Court, pursuant to Fed. R. Civ. P. 35, deny Defendant's motion with prejudice.

Dated: New York, New York
         March 8, 2022

<div style="margin-left:40%">

Yours, etc.,

TACOPINA, SEIGEL & DeOREO


By:     /s/ *Matthew G. DeOreo*
        Matthew G. DeOreo, Esq.
        275 Madison Ave., Fl. 35
        New York, New York 10016
        Tel: (212) 227-8877
        Fax: (212) 619-1028
        *Attorneys for Plaintiffs*

</div>

5