# tacopina seigel trial lawyers
TACOPINA SEIGEL & DEOREO

**MATTHEW G. DEOREO**
EMAIL: mdeoreo@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

October 7, 2022

**VIA ECF**
Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: **Wonzer v. Hernandez, 1:20-cv-10836 (S.D.N.Y.)**

Dear Judge Rochon:

I represent Plaintiffs in the above-referenced action and respectfully submit this joint status letter on behalf of all parties pursuant to the Court's September 23, 2022 Notice of Reassignment Order.

1. **Names of counsel and current contact information, if different from the information currently reflected on the docket**: N/A.

2. **A brief statement of the nature of the case and/or the principal defenses thereto**: "On April 3, 2018, Plaintiffs were victims of an armed robbery in the vestibule of a building in New York City. Compl. ¶ 11. Defendant videotaped the incident from a car outside the building. Id. ¶ 15. The men who robbed Plaintiffs stole Wonzer's backpack, which contained six hard drives of business material, a video camera, and shoes. Id. ¶ 18. They also stole approximately $1,500 in cash and a gold chain from Dozier. Id. ¶ 19. On January 23, 2019, Defendant was charged with nine federal charges, including RICO violations. Id. ¶ 21. Counts 3, 4, and 5 of the indictment concern the robbery of Plaintiffs. Hernandez, 18-CR-834 (PAE) (S.D.N.Y. Nov. 28, 2018). Defendant pled guilty to all charges. Compl. ¶ 22. Plaintiffs allege they suffer from post-traumatic stress disorder ('PTSD') caused by the robbery. Dkt. No. 50 ¶¶ 28, 41. Dozier also states he suffers from depression and major depressive disorder due to the robbery. Id. ¶¶ 44, 50." *August 17, 2022 Report and Recommendation of Magistrate Judge Jennifer E. Willis*, 1:20-cv-10836 (S.D.N.Y.)(Docket No. 69), at p. 3.

"Plaintiffs commenced this action by filing a complaint on December 22, 2020. Dkt. No. 1. Defendant did not answer or otherwise respond to Plaintiffs' complaint. On May 14, 2021, Plaintiffs filed a motion for default judgment. Dkt. No. 23. On June 11, 2021, Defendant's counsel filed a declaration stating the default was not willful, but Defendant would not burden the Court

with an opposition to Plaintiffs' motion given Defendant's allocution in <u>United States of America v. Daniel Hernandez</u>, 18-CR-834 (PAE) (S.D.N.Y. Dec. 20, 2019)." *Id*. at pp. 1-2.

"On June 22, 2021, Judge Cronan granted Plaintiffs' motion for default judgment in favor of Plaintiffs as to liability for all causes of action: two violations of RICO, 18 U.S.C. § 1962(c) and (d); assault; battery; false imprisonment; and intentional infliction of emotional distress. Dkt. No. 29. Judge Cronan referred the case to Judge Fox for an inquest on damages, pre-judgment interest, attorneys' fees, and expenses, including the handling of discovery in connection with that inquest. <u>Id</u>. Judge Fox subsequently ordered Plaintiffs to file proposed findings of fact and conclusions of law and an inquest memorandum of law accompanied by supporting affidavits and exhibits to support proof of damages, and Defendant to file opposing submissions thereafter. Dkt. No. 32. On February 1, 2022, the matter was reassigned to this Court." *Id.* at p. 2.

"On February 10, 2022, Plaintiffs filed their Inquest Memorandum (Dkt. No. 49), Proposed Findings of Fact and Conclusions of Law ('Proposed Findings') (Dkt. No. 50), and Declaration of Matthew G. DpeOreo in Support of Inquest. Dkt. No. 51. On March 11, 2022, Defendant filed Opposing Findings of Facts and Conclusions of Law (Dkt. No. 64) and a Declaration of Robert S. Meloni with accompanying exhibits. Dkt. No. 65. On April 21, 2022, Plaintiffs filed a letter submitting 'recently discovered evidence' 'relat[ing] to the issue of punitive damages' in support of their inquest submissions. Dkt. No. 67. The same day, Defendant filed a letter opposing such submission. Dkt. No. 68." *Id.* at p. 2.

<u>Plaintiffs' Position</u>:

Plaintiffs claim that they have suffered from severe emotional distress, including PTSD, and are entitled to significant compensatory and punitive damages. Plaintiffs submit that an award of $560,000 to each of them for emotional harm is well within the range of damages granted in New York for intentional torts or similar claims where the plaintiff had suffered PTSD, and is reasonable and not excessive. This is especially so because Plaintiffs here were violently assaulted at gun-point by dangerous gang members at the behest of Defendant, and they believed that they could have been killed. New York Courts have also awarded plaintiffs significant amounts of punitive damages to punish egregious misconduct, including at ratios from 8.66:1 to 10:1 (punitive damages compared to compensatory damages), which similarly should be the case here.

<u>Defendant's Position</u>:

Defendant claims that Plaintiffs, at most, suffered from only garden variety emotional distress and are not entitled to significant compensatory and punitive damages.

TACOPINA SEIGEL & DEOREO

Hon. Jennifer L. Rochon
October 7, 2022
Page 3

After a review of all of the submissions by both sides, including the videotape evidence of the event in question, and the parties' expert reports, the Magistrate rejected Plaintiffs' unsupportable demands for damages. *See* August 17, 2022 Report and Recommendation of Magistrate Judge Jennifer E. Willis, 1:20-cv-10836 (S.D.N.Y.)(Docket No. 69)("Report and Recommendation"). The Magistrate's thirty-two-page Report and Recommendation was based upon her detailed review and analysis of the medical proof submitted by both Plaintiffs and Defendant, and the video evidence concerning the incident in question that was submitted and reviewed without objection. *Id*. The Magistrate specifically addressed Plaintiffs' multiple failures of carrying their respective burdens of proof concerning causation, preexisting conditions, and superseding intervening event issues, including Plaintiffs' unreliable expert report, and of the governing law applicable to both compensatory and punitive damages. *Id*.

Based upon the record before her, and the governing law, the Magistrate properly awarded Plaintiff Wonzer $15,000 in compensatory damages and $15,000 in punitive damages and awarded Plaintiff Dozier $30,000 in compensatory damages and $30,000 in punitive damages. The Magistrate also awarded Plaintiff Dozier trebled damages in the amount of $7,500 based upon his separate claim for R.I.C.O. damages. Defendant does not object to the damages awards to either Plaintiff and rejects Plaintiffs' arguments submitted in their Objections to said awards.[1]

3. **Subject Matter Jurisdiction and Venue**: This Court has subject matter jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial amount of events or omissions occurred in this District and this matter arises in part from Hernandez being prosecuted and convicted in the United States District Court for the Southern District of New York.

4. **A statement of all existing deadlines, due dates, and/or cut-off dates**: The only existing deadline is for Defendant to file opposition papers to Plaintiffs' Objection to the Report and Recommendation. Plaintiffs' Objection was filed on September 14, 2022 (Docket No. 72). Defendant's opposition papers are due October 14, 2022.

5. **A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed**: None.

6. **A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought**: Plaintiffs' Objection to the Report and Recommendation. Plaintiffs are seeking an order rejecting the Report and Recommendation and

---

[1] Defendant provides detailed arguments and citations to the record in his opposition to Plaintiffs' objections, which will be filed on or before October 14th.

TACOPINA SEIGEL & DEOREO

Hon. Jennifer L. Rochon
October 7, 2022
Page 4

awarding Plaintiffs significantly more compensatory and punitive damages. Defendant's opposition papers are due October 14, 2022.

7. **A statement and description of any pending appeals**: None.

8. **A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations**: The parties conducted limited pre-inquest discovery, which included only paper discovery, not depositions. Discovery is over.

9. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands**: None.

10. **The use of alternate dispute resolution mechanisms**: The parties' views as to the value of Plaintiffs' claims are so drastically different that settlement discussions would not be fruitful.

11. **An estimate of the length of trial:** N/A.

12. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial**: None.

Respectfully submitted,

/s/ Matthew G. DeOreo

Matthew G. DeOreo
Counsel for Plaintiffs

AGREED TO:

/s/ Robert S. Meloni

Robert Stephen Meloni
Counsel for Defendant