# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEKETHA WONZER and KEVIN DOZIER,<br><br>Plaintiffs,<br><br>-against-<br><br>DANIEL HERNANDEZ a/k/a Tekashi 6ix 9ine,<br><br>Defendant. | Case No. 1:20-cv-10836-JPC<br><br>Judge Jennifer L. Rochon<br>Magistrate Judge Jennifer E Willis |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF <u>MAGISTRATE JUDGE HONORABLE JENNIFER E. WILLIS</u>

MELONI & McCAFFREY APC
Robert S. Meloni, Esq.
Thomas P. McCaffrey, Esq.
3 Columbus Circle, 15th Floor
New York, New York 10019

*Attorneys for Defendant Daniel Hernandez a/k/a Tekashi 6ix 9ine*

## <u>TABLE OF CONTENTS</u>

**A.** INTRODUCTION ................................................................................................1

B. ARGUMENT ......................................................................................................2

    Governing Law .................................................................................................3

        (i) Plaintiffs' Failed To Carry Their Burden Before The Magistrate...................3

        (ii) Standard For Review Of Magistrate's Report & Recommendation ..............4

        (iii) Plaintiffs Have Failed Under *De Novo* And Clear Error Standards..............7

    CONCLUSION ..................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                            **<u>Pages</u>**

*Bush v. Colvin,*
       15 Civ. 2062,  2017 U.S. Dist. LEXIS 19612(S.D.N.Y. Apr. 26, 2017) ................5

*Cameron v. Cunningham,*
       13 Civ. 5872, 2014 U.S. Dist. LEXIS 125891 (S.D.N.Y. Sept. 9, 2014) ................6

*Dinkins v. Gustave,*
       19 Civ. 2336, 2022 U.S. Dist. LEXIS 54379 (S.D. N.Y. Mar. 25, 2022) ...............6

*Dunn v. Advanced Credit Recovery Inc.,*
       11 Civ. 4023 (PAE) (JLC), 2012 U.S. Dist. LEXIS 27205,
       2012 WL 676350 (S.D.N.Y. Mar. 1, 2012) .............................................................3

*Ferreira v. Carranza,*
       *20-CV-2305, 2022 U.S. Dist. LEXIS 1330 (E.D.N.Y. Jan. 4, 2022)* ........................5, 6, 9

*Fossil Group v. Seller,*
       *20-CV-2441, 2021 U.S. Dist. LEXIS 190996 (E.D.N.Y Oct. 4, 2021)* ......................5, 6

*Frankel v. New York City,*
       *06-CV-5450, 2009 U.S. Dist. LEXIS 14864 (S.D.N.Y. Feb. 25, 2009)* .....................5

*Fustok v. ContiCommodity Servs. Inc.,*
       873 F.2d 38 (2d Cir. 1989)......................................................................................4

*Greer v. Fox Corp.,*
       20-CV-5484, 2022 U.S. Dist. LEXIS 161617 (S.D.N.Y Sept. 7, 2022)...................7

*Holly S. v. Comm'r of Soc. Sec.,*
       *3:20-CV-597, 2022 U.S. Dist. LEXIS 33872 (N.D.N.Y. Feb. 25, 2022)* ...................6

*House v. Kent Worldwide Mach. Works, Inc.,*
       359 F. App'x 206 (2d Cir. 2010) ...........................................................................3, 10

*Illis v. Artus,*
       06-CV-307, 2009 U.S. Dist. LEXIS 77596 (E.D.N.Y. Aug. 28, 2009) ...................6

*In re Hulley Enters. Ltd.,*
       400 F. Supp. 3d 62 (S.D.N.Y. 2019)......................................................................5

*INS v. Phinpathya,*
 464 U.S. 183, 104 S. Ct. 584, 78 L. Ed. 2d 401 (1984)............................................10

*John Gore Org., Inc. v. Fed. Ins. Co.,*
 21 Civ. 2200,  2022 U.S. Dist. LEXIS 52803 (S.D.N.Y. Mar. 23, 2022) ................6

*Louis Hornick & Co. v. Darbyco, Inc.,*
 12-CV-5892 (VSB),  2015 U.S. Dist. LEXIS 172607 (S.D.N.Y. Dec. 29, 2015).....4

*Morris v. Local 804, Int'l Bhd. of Teamsters,*
 167 F. App'x 230 (2d Cir. 2006) ............................................................5

*Nelson v. Smith,*
 618 F. Supp. 1186 (S.D.N.Y. 1985)..........................................................5

*Paddington Partners v. Bouchard,*
 34 F.3d 1132 (2d Cir. 1994)............................................................2. n.2

*Phillips v. Reed Grp., Ltd.,*
 *955 F. Supp. 2d 201 (S.D.N.Y. 2013)*.......................................................*4*

*Poulos v. City of New York,*
 14 Civ. 03023 (LTS) (BCM), 2018 U.S. Dist. LEXIS 118364,
 2018 WL 3750508 (S.D.N.Y. July 13, 2018), *adopted at*
 2018 U.S. Dist. LEXIS 132179, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018)........3

*Sci. Components Corp. v. Sirenza Microdevices, Inc.,*
 03-CV-1851, 2006 U.S. Dist. LEXIS 61872 (E.D.N.Y. Aug. 30, 2006)..................6

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,*
 109 F.3d 105 (2d Cir. 1997)............................................................3, 4

*United States SEC v. Collector's Coffee Inc.,*
 *19 Civ. 04355 (VM), 2022 U.S. Dist. LEXIS 83538 (S.D.N.Y May 6, 2022)*............*1 n.1*

*United States v. Raddatz,*
 *447 U.S. 667, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980)*..........................................*5*

*United States v. Rivera-Banchs,*
 6:20-cr-06046,  2022 U.S. Dist. LEXIS 42770 (W.D.N.Y. Mar. 10, 2022).............6

*United States v. Snow,*
 *462 F.3d 55 (2d Cir. 2006)* .....................................................................*6*

*Vega v. Artuz,*
 *97-CV-3775, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002)* ....................*5*

*Wu v. Good Samaritan Hosp. Med. Ctr.,*
  815 F. App'x 575 (2d Cir. 2020) ............................................................................2. n.3

## **<u>Statutes</u>**

Fed. R. Civ. P. 72(b) ...............................................................................................1 & n.1&3

28 U.S.C. § 636(b)(1) ...............................................................................................1, 4, 5 n.5

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), Defendant Daniel Hernandez, a/k/a Tekashi 6ix9ine ("Defendant"), by his attorneys Meloni & McCaffrey, a Professional Corporation, opposes Plaintiffs Objections (Dkt. No. 72) to the Report & Recommendation of Magistrate Judge Hon. Jennifer E. Willis, filed August 17, 2022 ("Report & Recommendation" and/or "Dkt. No. 69").

## A. __INTRODUCTION.__

The Magistrate was correct in her thirty-two page Report & Recommendation which was based upon her detailed review and analysis of the medical proof submitted by both plaintiffs and defendant, the video evidence concerning the incident in question that was submitted without objection, which directly addressed plaintiffs' failures of carrying their respective burdens of proof concerning causation, preexisting conditions and superseding intervening event issues, including their unreliable expert report, and of the law applicable to both compensatory and punitive damages.

Upon this careful review and analysis, the Magistrate determined that based upon the evidence, including video evidence that contradicted plaintiffs' versions of the event, plaintiff Seketha Wonzer suffered garden variety damages from an event that lasted twelve seconds and, as a result, she should be awarded $15,000 in compensatory damages and $15,000 in punitive damages. *See* Dkt. No. 69, pp. 16, 17 and 30. Similarly, the Magistrate concluded that the evidence showed that plaintiff Kevin Dozier suffered garden variety damages from an event that lasted "at most 35 seconds," that the video evidence did not support his version of the event in question, and that, as a result, he should be awarded $30,000 in compensatory damages and $30,000 in punitive damages, with an additional $7,500 in trebled damages for the R.I.C.O. claim he asserted.[1]   Dkt. No. 69, pp. 20, 30, 31. Defendant

---

[1] A district court evaluating a magistrate judge's report may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. *United States SEC v. Collector's Coffee Inc.* , 19 Civ. 04355 (VM), 2022 U.S.

has no objection to the Magistrate's determinations with respect to either plaintiff.  Plaintiffs' Objections must be overruled.

**B. <u>ARGUMENT.</u>**

Plaintiffs' Objections must be rejected out of hand because they fail to meet the governing burdens and standards applicable to such motions.  Their submission included the Declaration of Seketha Wonzer that challenged one minor issue concerning whether or not she informed one of her medical providers that she was sexually assaulted during the event (she was not sexually assaulted and she claims she never told her health care provider that she had been) (Dkt. No. 72-1)[2] and a memorandum of law that virtually repeats the legal and factual arguments made before the Magistrate as part of plaintiffs' Inquest submissions (Dkt. No. 72).  They also refer this Court to plaintiffs' "Proposed Findings of Facts and Conclusions of Law [Doc. 50]" previously submitted before the Magistrate.  Said document represents "a statement of facts . . . as to. . . Plaintiffs' injuries."  *See* Dkt. No. 72, p. 1.[3]

Plaintiffs then rehash the identical legal arguments as to compensatory damages (*Id.* pp. 1-4) and punitive damages (*Id.* pp. 10-14) that they submitted to the Magistrate at the Inquest.

They also reargued the factual findings of their expert with respect to the level of injuries sustained by both Wonzer (*Id.* pp. 4-8) and Dozier (*Id.* pp. 8-9), the same expert whose report the

---

Dist. LEXIS 83538 *9 (S.D.N.Y May 6, 2022) (*citing* Fed. R. Civ. P. 72(b)).  Plaintiffs made no written objections to the award of treble damages totaling $7,500 for the R.I.C.O. claim, so that claim is not before this Court.

[2] It must be noted that Ms. Wonzer had ample opportunity to raise this issue at the time of the original Inquest submission of her medical records, so she has no right to present this additional testimony at this point *via* declaration. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.")

[3] Merely referring the Court to previously filed papers or arguments does not constitute an adequate objection under Fed. R. Civ. P. 72(b).  *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (*quoting Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Magistrate Judge found unreliable, given his failures to address and account for preexisting and supervening events, causation issues and the plaintiffs' underlying misrepresentations of fact, as established by the video tape evidence, concerning the event relied upon by the expert. Dkt. No. 69, pp. 12-14).

Plaintiffs' Objections have not provided this Court with any basis to reject Magistrate Willis' Report & Recommendation and said Objections must be overruled.

**Governing Law.**

**(i)**      **Plaintiffs' Failed To Carry Their Burden Before The Magistrate**:

A plaintiff "bears the burden of establishing [its] entitlement to recovery and thus must substantiate [its] claim with evidence to prove the extent of damages." *Dunn v. Advanced Credit Recovery Inc.*, 11 Civ. 4023 (PAE) (JLC), 2012 U.S. Dist. LEXIS 27205, 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012). The evidence the plaintiff submits must be admissible. *Poulos v. City of New York*, 14 Civ. 03023 (LTS) (BCM), 2018 U.S. Dist. LEXIS 118364, 2018 WL 3750508, at *2 (S.D.N.Y. July 13, 2018), *adopted at* 2018 U.S. Dist. LEXIS 132179, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018). *See also House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 206 (2d Cir. 2010) (summary order) ("damages must be based on admissible evidence"). The plaintiff must demonstrate that the compensation it seeks "relate[s] to the damages that naturally flow from the injuries pleaded." *Am. Jewish Comm. v. Berman*, No. 15 Civ. 5983 (LAK) (JLC), 2016 U.S. Dist. LEXIS 78068, 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016). The Court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Thus, plaintiffs had the burden before Magistrate Willis to submit evidentiary proof that they sustained the injuries they alleged, that defendant caused those injuries and then establish the value

of the damages that should be awarded therefor.  Given the Magistrate's detailed findings, plaintiffs did not carry their burden.  Given that documents the plaintiffs submitted – their medical records and expert reports – provided a "sufficient basis from which to evaluate the fairness of" the requested damages, the court need not conduct an evidentiary hearing. *See Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (court may determine appropriate damages based on affidavits and documentary evidence "as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment.") (internal citation omitted).

**(ii)**     **<u>Standard For Review Of Magistrate's Report & Recommendation.</u>**

In reviewing a Magistrate Judge's Report & Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Louis Hornick & Co. v. Darbyco, Inc.*, 12-CV-5892 (VSB),  2015 U.S. Dist. LEXIS 172607 * 9 (S.D.N.Y. Dec. 29, 2015)(*quoting* 28 U.S.C. § 636(b)(1)).  Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.* (citing Fed. R. Civ. P. 72(b)(2)). When a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.* (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013).[4]

"Even where exercising *de novo* review, a district court 'need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and

---

[4] Plaintiffs failed to object to the Court's refusal to reimburse their Medicare costs. See Dkt. No. 72, *passim*. Thus, that issue is not before this Court.

recommendation in its entirety.'" *Bush v. Colvin*, 15 Civ. 2062 (LGS) (DF), 2017 U.S. Dist. LEXIS 19612, *4 (S.D.N.Y. Apr. 26, 2017) (alteration in original) (*quoting Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)).[5]  "De novo determination" in this context has been interpreted only to require a review of the magistrate's proposed findings and an exercise of sound judicial discretion with respect to whether reliance should be placed on those findings; the reviewing court is not required to rehear testimony adduced at the magistrate's inquest. *United States v. Raddatz,* 447 U.S. 667, 671-77, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980). "[I]t is sufficient that the court arrive at its own independent conclusion regarding those portions of the report to which objections are made," and the court "need not conduct a *de novo* hearing on the matter." *In re Hulley Enters. Ltd*., 400 F. Supp. 3d 62, 69 (S.D.N.Y. 2019) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985)).

However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Ferreira v. Carranza*, 20-CV-2305 (PKC) (LB), 2022 U.S. Dist. LEXIS 1330 *5 (E.D.N.Y. Jan. 4, 2022) (*quoting Frankel v. New York City*, 06-CV-5450 (LTS) (DFE), 2009 U.S. Dist. LEXIS 14864, *2 (S.D.N.Y. Feb. 25, 2009).  *See also Fossil Group v. Seller*, 20-CV-2441 (WFK) (TAM), 2021 U.S. Dist. LEXIS 190996,  * 5 (E.D.N.Y Oct. 4, 2021) (same) (*quoting Vega v. Artuz*, 97-CV-3775, 2002 U.S. Dist. LEXIS 18270, *1 (S.D.N.Y. Sept. 30, 2002)).  The justification for this approach is that hearing these new arguments at this late stage would "unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to

---

[5] Plaintiffs' entire legal argument in support for *de novo* review is their one sentence footnote 1 of their brief: "The Court gives the Report and Recommendation *de novo* review pursuant to 28 U.S.C. § 636(b)(l)."  Dkt. No. 72, p. 1 n.1.  As demonstrated herein, the appropriate standard given plaintiffs' rehashed arguments, is the clearly erroneous standard. But even under the *de novo* standard, plaintiffs have failed to carry their burden.

advance additional arguments." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 03-CV-1851 (NGG)(RML), 2006 U.S. Dist. LEXIS 61872, *2 (E.D.N.Y. Aug. 30, 2006).

In those cases, the Court reviews those arguments for "clear error." *Holly S. v. Comm'r of Soc. Sec.*, 3:20-CV-597 (MAD/DEP), 2022 U.S. Dist. LEXIS 33872, *5 (N.D.N.Y. Feb. 25, 2022). *See John Gore Org., Inc. v. Fed. Ins. Co.,* 21 Civ. 2200 (PGG) (KHP), 2022 U.S. Dist. LEXIS 52803, **24-25 (S.D.N.Y. Mar. 23, 2022) ("To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error."); *United States v. Rivera-Banchs,* 6:20-cr-06046 EAW,  2022 U.S. Dist. LEXIS 42770, * 4 (W.D.N.Y. Mar. 10, 2022) (same).

"A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Dinkins v. Gustave*,  19 Civ. 2336 (JPC) (KHP), 2022 U.S. Dist. LEXIS 54379 *9 (S.D. N.Y. Mar. 25, 2022)(*quoting Cameron v. Cunningham*, 13 Civ. 5872 (KPF) (FM), 2014 U.S. Dist. LEXIS 125891, *2 (S.D.N.Y. Sept. 9, 2014). *See also United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (same)

Finally, a District Court will not consider new legal arguments or facts raised in an objection that could have been raised before the Magistrate. *Ferreira v. Carranza*,  20-CV-2305 (PKC) (LB), 2022 U.S. Dist. LEXIS 1330, *6 (E.D.N.Y Jan. 4, 2022) ("'In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'"); *Fossil Group v. Selle*r, 20-CV-2441 (WFK) (TAM), 2021 U.S. Dist. LEXIS 190996,  * 8 (E.D.N.Y Oct. 4, 2021) ("It is well settled that parties may not raise new arguments in objections that were not raised before the Magistrate Judge."); *Illis v. Artus*, 06-CV-307-SLT-KAM, 2009 U.S. Dist. LEXIS 77596, *1 (E.D.N.Y. Aug. 28, 2009) ("Petitioner may not now raise new arguments that the magistrate judge did

not have an opportunity to consider."); *Greer v. Fox Corp.*, 20-CV-5484-LTS-SDA, 2022 U.S. Dist. LEXIS 161617 (S.D.N.Y Sept. 7, 2022) (same).

    **(iii)**    **Plaintiffs Have Failed Under *De Novo* And Clear Error Standards.**

First, plaintiffs have just rehashed their original arguments and reasserted the original facts presented to and rejected by the Magistrate. These sections are virtually identical.  *Compare* Dkt. No. 49 pp. 1-4 *with* Dkt. No. 72, pp. 1-4  (compensatory damages legal argument) and *compare* Dkt. No. 49 pp. 6-11 with Dkt. No. 72, pp. 6-11 with Dkt. No. 72, pp. 10-15 (punitive damages legal argument).

Similarly, plaintiffs attempt to rehash their factual arguments, which is that the damages they seek are supported by the expert analysis and report of Dr. Deneen.  *See* Dkt. No. 72, pp. 4-6 and 8-9. The Magistrate already considered and rejected Dr. Deneen's expert opinion as unreliable, given the irrefutable factual record before the Magistrate:

**Wonzer:**

The Court finds Dr. Deneen's report to be unreliable for two principal reasons. First, the Court certainly understands that Wonzer, as the victim of a terrible crime, may recall the robbery differently after the fact. However, there are clear differences between what Wonzer recalls and the evidentiary record. Therefore, while sympathetic to Wonzer and with no intent of belittling the significance of Wonzer's experience, the Court must base its decision on the facts. Wonzer reported during a crisis assessment that Defendant robbed her and that she was sexually assaulted during the robbery (Dkt. No. 66-2 at 9), but the video of the robbery shows no such assault. Dkt. No. 65-1. Further, Wonzer told Dr. Deneen that she was "ambushed" by five gunmen and could "feel the guns pointed in [her] neck, [her] chest, [her] side." Dkt. No. 52-1 at 2. Yet, the video of the robbery demonstrates no one pointed a gun at Wonzer. Dkt. No 65-1. Wonzer was in the vestibule while the robbery took place for at most 12 seconds. *Id.* Only one person participating in the robbery had a gun, which was pointed down the entire time, and that person did not approach Wonzer. *Id.* She also reported Defendant had been harassing her for the last two years (Dkt. No. 66-2 at 9), though there is no evidence of that in the record. Therefore, the Court finds Dr. Deneen's report unreliable because it relies on these factual inconsistencies.

Second, Defendant's conduct must "be a 'but' for' cause of [Wonzer's] injuries" and Wonzer "must prove . . . her losses were proximately caused by defendant's actions." Meyers, 282 F. Supp. 2d at154. "Under New York law, any damages recovered must be the direct result of defendant's wrongful acts," (*Id.*) and Plaintiffs

have not proven same. *See also* Anderson Group, LLC, 805 F.3d at 52 ("[P]laintiff bears the burden of showing that the claimed damages are the 'certain result of the wrong.'") (internal citation omitted); Gibeau, 18 F.3d at 110 (holding that compensatory damages were not required as a matter of law where the evidence was ambiguous as to the cause of injuries).

Dr. Deneen concludes that the robbery caused Wonzer's PTSD without addressing Wonzer's husband's death. The death is a clear intervening event in the line of causation between the robbery and Wonzer's PTSD diagnoses. Dr. Deneen acknowledges this in his recitation of his evaluation of Wonzer and her medical records. As a result, the Court does not find Dr. Deneen's expert report reliable. *See Tardif v. City of New York*, 344 F. Supp. 3d 579, 601 (S.D.N.Y. 2018) (finding expert's report unreliable because expert "fail[ed] to explain the basis for his conclusion that [d]efendants' conduct, and not other traumatic experiences in [plaintiff's] life, caused her current injuries."); *Rhone v. United States*, No. 04-CV-5037 (PKL), 2007 WL 3340836, at *6 (S.D.N.Y. Nov. 9, 2007) ("[E]ven where there is objective medical proof [of a serious injury], when additional contributory factors interrupt the chain of causation between the accident and claimed injury-such as a gap in treatment, an intervening medical problem or a preexisting condition-summary dismissal of the complaint may be appropriate.") (internal citation omitted). *See also Carter v. Full Service, Inc.*, 29 A.D.3d 342, 344 (1st Dep't 2006) ("[I]n the absence of an explanation of the basis for concluding that the injury was caused by the subject accident, and not by other possible causes evidenced in the record, an expert's 'conclusion that plaintiff's condition is causally related to the subject accident is mere speculation' insufficient to support a finding that such a causal link exists.").

Dkt. No. 69, pp. 12-14.

**Dozier:**

The Court finds that Dr. Deneen's evaluation raises more questions than it answers. Dozier's responses to the Minnesota Multiphasic Personality Inventory revealed "scales sensitive to exaggeration of psychiatric, cognitive, and bodily complaints fell in the non-credible range." Dkt. No. 52-2 at 4. Dozier's responses to the Trauma Symptom Inventory test yielded "[s]ignificant elevations" in intrusive experiences, suicidal ideation, anxious arousal, and depression scales. *Id.* However, such results stand in sharp contrast to Dozier's stated symptoms to his treating doctors in the months prior when he reported feeling much better. *See* Dkt. No. 66-1 at 11-12.

In addition, the Court again certainly understands that victims of a crime may feel that the crime lasted longer than it did or recall the crime differently after the fact. However, given the documentary evidence of the crime in this case, the Court must base its decision on the facts. Dozier told Dr. Deneen the robbery lasted two to three minutes (Dkt. No. 52-2 at 1), and the robbers put "a gun to [his] stomach" and "had guns and machetes." Dkt. No. 66-1 at 12. Yet, the video shows the robbery

lasted at most 35 seconds and the robbers did not all have guns and machetes. Only one person had a gun, and it was pointed down for the duration of the robbery, not at Dozier's stomach. Dkt. No. 65-1. Therefore, to the extent Dr. Deneen based his evaluation and report of Dozier on such inconsistencies, the Court finds Dr. Deneen's report unreliable. The Court also finds Dr. Deneen's report unreliable because while Dr. Deneen acknowledges Dozier's pre-existing depression, which was first diagnosed in 2008, he does not explain how the robbery exacerbated this condition.

Dkt. No. 69. pp. 20-21.

Plaintiffs' response is to rehash the same factual arguments concerning Dr. Deneen's expert findings that had already been considered and rejected by the Magistrate. *See* Dkt. No. 72 pp. 4-9. There is nothing here that the Magistrate has not considered, factored into her decision and/or properly rejected as unreliable or otherwise unsupported by the evidence.

Finally, Plaintiffs attempt to reargue the "reprehensibility" issue that they originally raised on their original Inquest submissions. *See* Dkt. No. 72 pp. 15-19.   They cite to the same documents that were before the Court at the Inquest, the Complaint and exhibits thereto.  *Id.*  This alone renders it an improper objection. *See* footnote 3, *supra*.

It is Defendant's contention that this is just an impermissible rehashing of the same arguments originally before the Magistrate.  However, to the extent that this could be considered something beyond what was originally before the Magistrate, a District Court will not consider new legal arguments or facts raised in an objection that could have been raised before the Magistrate. *Ferreira v. Carranza*,  20-CV-2305 (PKC) (LB), 2022 U.S. Dist. LEXIS 1330, *6 (E.D.N.Y., Jan. 4, 2022) ("'In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'").  Plaintiffs purported further support on the reprehensibility issue could have been raised before the Magistrate, and they are barred from attempting it now.  For this same reason, Ms. Wonzer's Declaration, containing information that would have contradicted her medical

9

records, could have been included in her submission before the Magistrate but was not, and thus, must be disregarded as well.[6]

Moreover, Plaintiffs counsel's interpretation in their legal brief of what may be contained in Defendant's criminal files is not evidence.  *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6, 104 S. Ct. 584, 78 L. Ed. 2d 401 (1984) (an attorney's statements in a brief are not evidence)*; Asan v. United States,* 11 Civ. 5370 (CSH), 2011 U.S. Dist. LEXIS 135989, *4-5 (S.D.N.Y. Nov. 11, 2011) ("an attorney's derivative statements of facts in a brief are neither admissible nor probative.").   Plaintiffs are required to support their request for damages with evidence.  *See House v. Kent Worldwide Mach. Works, Inc*., 359 F. App'x 206, 206 (2d Cir. 2010) (summary order) ("damages must be based on admissible evidence").

Thus, under the "clearly erroneous" standard, this Court must find that – upon review of Magistrate Willis' detailed and careful analysis of the evidentiary record before her as applied to the law in this circuit – it is left with the definite and firm conviction that a mistake has been committed.  There is nothing in the record or in the law that provides for such a finding.

Even if this Court were to apply a *de novo* standard of review, it would not require it to consider any new evidence or testimony not provided to the Magistrate and the extensive factual and legal record carefully considered by Magistrate Willis clearly provides a solid basis for its findings which would allow this Court's exercise of sound judicial discretion to rely upon the Magistrate's findings.  Plaintiffs' Objections are not sustainable.

---

[6] Given the hyperbolic, indeed, fanciful nature of Ms. Wonzer's claims as to what occurred, as opposed to what the video irrefutably showed did and did not occur, the loss of the purported sexual assault allegations, whether she said it or not, would not have impacted the outcome of the Inquest.  What matters is that the sexual assault claim was in the medical records which she submitted to the court without redaction or refutation, and it was this file that her expert improperly relied upon in rendering his opinion as to the damages Ms. Wonzer purportedly sustained, which helped render his opinion unreliable.  Finally, it should be noted that Ms. Wonzer did not challenge the Magistrates factual findings concerning what the video evidence demonstrated in her Declaration in Support of the Objections.  Her counsel's attempt to manufacture such evidence in his brief should be rejected.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court overrule Plaintiffs' Objections to the Report & Recommendation of Magistrate Willis in its entirety and, upon its own review of the record, affirm the Report & Recommendation, and award Defendant his costs in responding to Plaintiffs' Objections, including reasonable attorney's fees, together with such other and further relief as it deems just and proper.

Dated: October 11, 2022

Respectfully submitted,

MELONI & McCAFFREY
A Professional Corporation

By: _____
      Robert S. Meloni
      Thomas P. McCaffrey
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (917) 331-9556

*Attorneys for Defendant*